UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BACH-MAI FIORI, Derivatively on Behalf of Nominal Defendants ROMEO POWER, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUSAN BRENNAN, ROBERT MANCINI, DONALD GOTTWALD, PHILIP KASSIN, TIMOTHY STUART, LAUREN WEBB, LIONEL SELWOOD, PAUL WILLIAMS, and BRADY ERICSON, <br><br> Defendants, <br><br> and <br><br> ROMEO POWER, INC., <br><br> Nominal Defendant. | Case No. 1:22-cv-06403-LGS |

**JOINT STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**

Plaintiff Bach-Mai Fiori ("Plaintiff"), derivatively and on behalf of Romeo Power, Inc. ("Romeo" or "Nominal Defendant"), and defendants Susan Brennan, Robert Mancini, Donald Gottwald, Philip Kassin, Timothy Stuart, Lauren Webb, Lionel Selwood, Paul Williams, and Brady Ericson (collectively, the "Individual Defendants," and together with the Nominal Defendant, "Defendants") (collectively, the "Parties") have conferred, through counsel, and agree to jointly submit this Stipulation to voluntarily dismiss the above-captioned action (the "Action") pursuant to Rules 23.1(c) and 41(a) of the Federal Rules of Civil Procedure, without prejudice, and in support thereof state as follows:

**WHEREAS**, on July 27, 2022, Plaintiff filed this Action derivatively on behalf of Nominal Defendant Romeo in his capacity as a Romeo stockholder;

**WHEREAS**, on August 1, 2022, Romeo announced that it entered into a definitive agreement be acquired by Nikola Corporation ("Nikola") through a transaction in which Romeo would merge with J Purchaser Corp, an indirect subsidiary of Nikola, resulting in Romeo ceasing to be a public company and instead becoming a wholly owned, indirect subsidiary of Nikola (the "Merger");

**WHEREAS**, on October 14, 2022, Romeo and Nikola announced the completion of the Merger, Romeo's stock ceased trading on the New York Stock Exchange, and all shares of stock that were not previously tendered to J Purchaser Corp were cancelled and exchanged for shares of Nikola stock or cash, as applicable;

**WHEREAS**, Plaintiff is no longer a stockholder of Romeo after the closing of the Merger, and, under the circumstances of this Action, she cannot proceed with the Action because it asserts only derivative claims that belong to Romeo's current stockholders;

**WHEREAS**, Federal Rule of Civil Procedure 23.1(c) provides that "[n]otice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders," but "it is clear that when the dismissal … results from a jurisdictional defect, or is ordered because the claim has become moot, the notice requirement of the rule is not applicable," Wright & Miller, 7C FEDERAL PRACTICE AND PROCEDURE CIV. § 1839 (3d ed.); *see also Weiss v. SCM Corp.*, 1986 WL 7782, at *1-*2 (S.D.N.Y. July 9, 1986) (where stockholder plaintiffs lost standing to bring derivative claims as a result of a transaction, "no notice of dismissal is required"); *BTZ, Inc. v. National Intergroup, Inc.*, 1993 WL 133211, at *4 (Del. Ch. Apr. 7, 1993) ("no notice to the class or the shareholders is necessary" where derivative and class action

claims were dismissed for mootness); *Bushansky v. Armacost*, 2014 WL 2905143, at *2 (N.D. Cal. June 25, 2014) (recognizing courts may exercise their discretion to "dispense with the notice requirement [of Rule 23.1(c)] . . . when a claim is dismissed because it has become moot") (citation omitted); *In re AmTrust Financial Services, Inc. Derivative Litigation*, No. 1:17-cv-00553-MN, Dkt. No. 92 (D. Del. Feb. 14, 2019) (granting voluntary dismissal of a derivative claim without notice);

**WHEREAS**, no compensation in any form has passed directly or indirectly from any of the Defendants to Plaintiff or Plaintiff's attorneys and no promise to give any such compensation has been made;

**NOW THEREFORE**, it is hereby stipulated by and between the undersigned, on this 2nd day of November, 2022, subject to the approval of the Court, that the Action shall be dismissed without prejudice.

The parties' stipulated dismissal is approved pursuant to Federal Rule of Civil Procedure 23.1(c).  Because Plaintiffs no longer own Romeo stock, and indeed no public shareholders own Romeo stock following its merger, the case is moot.  *See Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 225 (2d Cir. 2018).  Because no compensation has changed hands, there is no risk in this case that Defendants are "attempt[ing] to avoid liability by buying out derivative plaintiffs."  *Id.*  The fact that the dismissal is without prejudice also means that the corporation will not be bound to an adverse judgment.  *Cf. id.* at 224.  Lastly, "the notice requirement of the rule is not applicable" "when the dismissal . . . is ordered because the claim has become moot."  7C Fed. Prac. & Proc. Civ. § 1839; *Weiss v. SCM Corp.*, No. 85 Civ. 7569, 1986 WL 7782, at *1 (S.D.N.Y. July 9, 1986).

So Ordered.

Dated: November 4, 2022
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| RIGRODSKY LAW, P.A. | LATHAM & WATKINS LLP |

Gina M. Serra
Seth D. Rigrodsky
Timothy J. MacFall
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
vl@rl-legal.com

OF COUNSEL:

GRABAR LAW OFFICE
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(267) 507-6085
jgrabar@grabarlw.com

*Attorneys for Plaintiff*

Jeff G. Hammel
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
jeff.hammel@lw.com
jason.hegt@lw.com

LATHAM & WATKINS LLP
Kristin N. Murphy (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235
kristin.murphy@lw.com

*Attorneys for Defendants*

**PURSUANT TO STIPULATION, IT IS SO ORDERED** that this matter is hereby dismissed without prejudice, with each side to bear their own costs. The Clerk of the Court is hereby ordered to enter this dismissal on the docket and to mark this matter as CLOSED.

Dated: _____                    _____
                                            Hon. Lorna G. Schofield
                                            U.S. District Judge